```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                     CORPUS CHRISTI DIVISION
```

ATLANTIC RECORDING § 
CORPORATION, et al, §

    Plaintiffs, §

vs. § C.A. NO. C-06-482

MICHAEL BOGGS, §

    Defendant. §

## ORDER

On July 30, 2007, the Court held a telephone conference in the above-styled action in regards to a discovery dispute between Plaintiffs and Defendant. The parties' discovery dispute concerned (1) Plaintiffs' inability to depose Defendant, (2) Plaintiffs' request to depose four unnamed, non-party witnesses after the close of the discovery period, (3) Plaintiffs' refusal to produce documents requested by Defendant related to actual damages and a settlement agreement between Plaintiffs and the KaZaA online media distribution system, (4) Defendant's alleged refusal to allow Plaintiffs to inspect Defendant's computer hard drive, (5) Plaintiffs' objections to Defendant's responses to Plaintiffs' Interrogatories 12, 13, 14 and 18, and (6) Defendant's failure to respond to Plaintiffs' Interrogatories 19, 20, 21 and 22.

At the telephone conference, the Court ORDERED as follows:

1. Defendant must appear for deposition before the close of the discovery period on July 31, 2007. If Defendant does

      not appear for deposition before that time, Defendant's pleadings may be stricken.

2. Neither party will be permitted to depose additional witnesses after the close of the discovery period on July 31, 2007, unless by agreement.

3. Plaintiffs are not required to produce the documents requested by Defendant related to actual damages, or to the settlement agreement between Plaintiffs and the KaZaA online media distribution system.

4. Defendant is required to bring the hard drive requested by Plaintiffs to Defendant's deposition. Plaintiffs are permitted to make a copy of the hard drive for inspection. If Defendant is not in possession of the hard drive at the time of deposition, Defendant is required to bring the hard drive "back-up disks" allegedly in Defendant's possession, as well as any documents in Defendant's possession related to the alleged transport of the hard drive to Defendant's attorney, any attempts to recover the hard drive once lost, and any claims made related to the lost hard drive. Plaintiffs are permitted to make copies of the back-up disks for inspection. The Court recognizes that confidential information may be contained on the hard drive and back-up disks. If the parties cannot reach an agreement regarding non-disclosure of the confidential

   information contained on the hard drive and back-up disks, the Court will take possession of the hard drive and/or back-up disks and conduct its own inspection thereof and/or enter its own protective order.

5. Defendant's production of the hard drive or back-up disks, as required in point four above, will supplement Defendant's responses to Plaintiffs' Interrogatories 12, 13, 14 and 18.

6. Defendant is required to answer Plaintiffs' Interrogatories 19, 20, 21 and 22 before the close of the discovery period on July 31, 2007.

SIGNED and ENTERED this 31st day of July, 2007.

_____
Janis Graham Jack
United States District Judge